IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY RAY BROWN<br>(BOP Register No. 18821-078),<br><br>Petitioner,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:17-cv-898-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Billy Ray Brown, a federal prisoner, then-detained at a facility in the Dallas Division of this district, filed, in the Eastern District of Texas, a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241, requesting credit for a period of custody that occurred prior to imposition of his federal sentence, from May 10, 2011 through January 26, 2012. *See* Dkt. No. 1. The Eastern District transferred the habeas application to this district based on Brown's custody at the time he filed the application. *See* Dkt. No. 4.

Brown's action was then referred to the undersigned United States magistrate for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Respondent filed a court-ordered response to the Section 2241 petition. *See* Dkt. Nos. 9, 10, & 11. Brown failed to file a reply, and the deadline to do so has passed. *See* Dkt. No. 9.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that, to the extent that these findings and conclusions are now being entered, the Court should deny the application.

The response sets out the undisputed facts regarding Brown's sentencing credit claim:

> On July 10, 2007, in case number 96933 in the Jefferson County, Texas Criminal District Court, Brown was placed on deferred adjudication probation for ten years for retaliation, a violation of section 86.06(a)(1) of the Texas Penal Code. ([Dkt. No. 11 ("App.")] at 1.) On December 10, 2010, a motion to revoke Brown's unadjudicated probation was filed, and Brown was arrested. (*Id.* at 1; 4.) On January 28, 2011, Brown's guilt was adjudicated and his state probation was revoked; he was sentenced to five years' imprisonment in the Texas Department of Criminal Justice (TDCJ). (*Id.* at 1.) Brown was credited with the time he spent in custody from March 8, 2006 to April 13, 2006 and from December 10, 2010 to January 28, 2011. (*Id.*)
> On March 2, 2011, in the Eastern District of Texas, Brown was charged by indictment with manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); maintaining a drug-involved premises, in violation of 21 U.S.C. § 856; two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); providing a firearm to a felon, in violation of 18 U.S.C. § 922(d)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (*Id.* at 7-10.) On May 10, 2011, Brown was taken into custody by the United States Marshals Service (USMS) on a federal writ of habeas corpus *ad prosequendum*. (*Id.* at 15.)
> Brown pled guilty to maintaining a drug-involved premises and on January 26, 2012 was sentenced to 240 months' imprisonment. (*Id.* at 16-17.) The Court recommended that the BOP "designate Texas to be the place of service of this sentence, thereby making his federal sentence concurrent with" Brown's sentence in Jefferson County case number 96933. (*Id.* at 17.)
> On February 7, 2012, BOP notified the USMS that it had designated TDCJ as the location where Brown would serve his 240-month federal sentence. (*Id.* at 23.) On February 14, 2012, the USMS returned Brown to state custody to complete service of his state probation revocation sentence. (*Id.* at 15.)
> On December 17, 2012, Brown paroled from his five-year state sentence for the probation revocation and was transferred into federal custody to complete the time remaining on his 240-month federal

>   sentence. (*Id.* at 15; 24-25.) BOP prepared a sentence computation commencing Brown's 240-month federal sentence on January 26, 2012, the date it was imposed. (*Id.* at 28.) BOP awarded Brown 49 days of prior custody credit from December 10, 2010 (the date of his arrest) until January 27, 2011 (the date before his state probation revocation sentence was imposed). (*Id.*) Brown's projected satisfaction date is May 11, 2029 via good conduct time release. (*Id.*)

Dkt. No. 10 at 1-3.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

The BOP calculated Brown's sentence as beginning on January 6, 2012, the date it was imposed, and awarded him prior custody credit from the date of his arrest related to the state probation revocation to the imposition of the sentence resulting from that revocation. *See* Dkt. No. 11-1 at 23. Brown has not shown this to be in error.

As another Texas federal court aptly put it,

>   [t]he sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) (citations omitted).

Indeed, the statute applicable to pretrial jail credits provides:

[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"Under this subsection, 'the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.'" *Gibbs v. Mejia*, No. 3:15-cv-946-N-BN, 2016 WL 8711727, at *2 (N.D. Tex. Nov. 15, 2016) (quoting *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009)), *rec. accepted*, 2016 WL 8711734 (N.D. Tex. Dec. 16, 2016); *see also United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018) (per curiam) ("[A] district court is not authorized to decide the amount of credit that a defendant receives. Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." (citations omitted)).[1]

---

[1] *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("Confusion sometimes arises ... when a defendant requests that the district court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to

Pertinent to Brown's claims, the BOP did not grant him the jail-time credit he now seeks because Texas credited that time to the state sentence imposed after Brown's guilt was adjudicated and his state probation was revoked. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972)).

In sum, because the BOP correctly credited Brown with time under Section 3585(b), the Court should deny his Section 2241 petition.

### Recommendation

The Court should deny Petitioner Billy Ray Brown's application for a writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all

---

consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE