# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **BILLY RAY BROWN** <br> **(BOP Register No. 18821-078),** <br> <br> Petitioner, <br> <br> v. <br> <br> **UNITED STATES OF AMERICA,** <br> <br> Respondent. | § § § § § § § § § § § § § <br> <br> Civil Case No. **3:17-CV-898-L** |

## ORDER

The Findings, Conclusions, and Recommendation of the United Stated Magistrate Judge ("Report") (Doc. 15) was entered on January 30, 2020, recommending that the court deny Petitioner Billy Ray Brown's ("Petitioner") Petition Under § 2241 Toward Amended Sentence[1] (Doc. 1), requesting credit for a period of custody that occurred prior to the imposition of his federal sentence, from May 10, 2011 through January 26, 2012. In the Report, the Magistrate Judge determined that the BOP properly calculated Petitioner's sentence under 18 U.S.C. § 3585(b). No objections to the Report were filed.

Having reviewed the application, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

---

[1] The full title of Petitioner's petition is: "In Seeking Sentence Modification Upon Formal Petition Under § 2241 Toward Amended Sentence with Consideration for Sentence Revision Under "Jail Time Credit" All in Accordance with and Pursuant to U.S.S.G. Section §5G1.3 Thereof."

**Order – Page 1**

the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP") on appeal, unless he has been granted IFP status by the district court.

**It is so ordered** this 27th of February, 2020.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.